**COLUMBIA BROADCASTING SYSTEM, INC., Plaintiff-Appellant,**

**v.**

**AMERICAN SOCIETY OF COMPOSERS, AUTHORS & PUBLISHERS, et al., Defendants-Appellees.**

**No. 1389, Docket 75–7600.**

United States Court of Appeals, Second Circuit.

July 6, 1979.

Before LUMBARD,* MOORE and GURFEIN, Circuit Judges.

---

* Hon. J. Edward Lumbard, Senior Circuit Judge, has been designated in place of Judge Robert P. Anderson, deceased.

## MOTION FOR SUMMARY JUDGMENT

Following remand from the Supreme Court, 441 U.S. 1, 99 S.Ct. 1551, 60 L.Ed.2d 1 to this court upon review on certiorari of our opinion filed August 8, 1977, 562 F.2d 130, BMI and ASCAP move for summary judgment on the ground that CBS failed to raise in this court "the legality of defendants' licensing practices under the rule of reason." Four considerations, among others, impel us to a broad construction of the CBS position in this court.

First, the majority opinion by Mr. Justice White "remand[s] the cause for further appropriate proceedings" (99 S.Ct. at 1556) and states that the blanket license "should be subjected to a more discriminatory examination under the rule of reason. It may not ultimately survive the attack, but that is not the issue before us today." 99 S.Ct. at 1565.

Second, the dissenting justice, Mr. Justice Stevens, the only justice to address the merits under the rule of reason standard, actually found the blanket license to be an unreasonable restraint of trade.

Third, the United States in its amicus brief in the Supreme Court took "no position, however, on whether the practice is an unreasonable restraint of trade in the context of the network television industry." 99 S.Ct. at 1560.

Fourth, this court found a lack of market necessity for the blanket license in dealing with the network.

After noting that [w]e have never examined a practice like this one before" (99 S.Ct. at 1557), the Supreme Court did not rule that price-fixing was not involved, which would have been the end of the matter.

Accordingly, we think that, in the interests of an ultimate solution of the question, we must scrutinize CBS' arguments in terms of whether it intended to waive a claim under the rule of reason standard, considering the breadth of its arguments. We find no such intent. The emphasis was simply on the harder point, *per se* unlawfulness, but CBS did argue the practical effects of the blanket license, and did not exclude an application of the rule of reason standard thereto.

We will not, at this time, expand on the relationship between the standard which we set that market necessity (limited to television networks) might justify the price-fixing aspect of the exclusive blanket license and a rule of reason standard, since we do not wish to foreclose unrestricted arguments on the issue.

We are convinced, moreover, that in the state of the law on price-fixing *per se* in 1977 and in the light of the CBS economic impact arguments relating to the alleged unreasonable restraint of the exclusive blanket license, both in terms of tie-in and price effect, the issue was presented clearly enough to this court for us to have passed on the question under the rule of reason.

We conclude, in the circumstances, that it would be inequitable to hold, on narrow, technical or semantic grounds that appellant did not raise the question adequately.

We, accordingly, deny the motion for summary judgment, and issue a scheduling order for briefing.

## SCHEDULING ORDER

On remand from the Supreme Court, having denied summary judgment of the decision of the District Court, we order:

(1) that the parties address the issue of whether on the present record in the District Court, this court is in a position to decide whether the exclusive blanket license tendered to CBS television network by AS-CAP and BMI is unlawful price-fixing and an unreasonable restraint of trade under the rule of reason or as a misuse of copyright?

(2) if such record is inadequate, what is proposed for the further progress of the case?

(3) if the record is adequate, should the exclusive tender of a blanket or program license to the CBS television network be prohibited or limited under the rule of reason, or as a misuse of copyright?

(4) if, under the rule of reason or copyright misuse, it should be determined that it is an antitrust violation for ASCAP or BMI to issue a blanket license to a television network for a single fee, would it necessarily be illegal to negotiate and issue blanket licenses to individual radio or television stations or to other users who perform copyrighted music for profit? *See* 99 S.Ct. at 1561.

(5) if, under the rule of reason or copyright misuse, it should be determined that it is an antitrust violation for ASCAP and BMI to issue a blanket license to a television network for a single fee, would it be equally illegal for the members to authorize ASCAP to issue licenses for individual compositions based on prices determined by the copyright owners?

It is further requested that the United States, pursuant to the suggestion of the Supreme Court (99 S.Ct. at 1565 n. 44) continue in its role as amicus curiae and file a brief concerning these issues at the time when appellee's brief is to be filed.

We note that if a party should desire to seek relief with respect to the interim arrangement for license fees payable to CBS, application may be made to Judge Lasker or, if there be doubt as to his jurisdiction, application may be made to this court for a remand for that purpose.

The parties will confer on a scheduling arrangement for briefs and oral argument with the Office of Staff Counsel.